UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| U.S. HOME CONSTRUCTION d/b/a Lundgren Bros. Construction, | Civil No. 07-1274 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| R.A. KOT HOMES, INC., MILAN DAOHEUANG, and BEA DAOHEUANG, | |
| Defendants. | |

---

David D. Axtell, Keith S. Moheban, and Erin C. Skold, **LEONARD, STREET AND DEINARD**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for plaintiff.

David A. Davenport and Brent A. Lorentz, **WINTHROP & WEINSTINE, P.A.**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402-4629, for defendants.

Plaintiff Lundgren Bros. Construction ("Lundgren") brought this copyright infringement action against defendants. Defendants filed a motion to dismiss or to strike certain allegations, arguing that Lundgren's copyright claim precludes it from seeking damages for loss of goodwill and reputational harm. For the reasons set forth below, the Court denies the motion.

**BACKGROUND**

Lundgren and defendant R.A. Kot Homes, Inc. ("Kot") are residential homebuilders with operations in Minnesota. In 1997, Lundgren created the "Remington"

home design and obtained two copyrights from the United States Copyright Office for the design.  According to Lundgren, the "Remington" home design is one of its popular home designs.

Defendants Milan and Bea DaoHeuang (the "DaoHeuangs") entered into a purchase agreement with Lundgren for the construction of a new "Remington" home in September 2005.  Lundgren provided the DaoHeuangs access to detailed plans and design materials for the "Remington" home design.  The DaoHeuangs subsequently cancelled their purchase agreement with Lundgren.  Lundgren alleges that the DaoHeuangs brought the copyrighted plans and design materials for the "Remington" home to Kot, which prepared construction drawings for the DaoHeuangs based on Lundgren's copyrighted materials.  According to Lundgren, Kot ultimately built a home for the DaoHeuangs based on the copyrighted "Remington" design.

Lundgren alleges that defendants' actions unlawfully infringe on its copyrighted "Remington" plans under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*  Lundgren seeks actual damages and lost profits in connection with defendants' alleged infringement.  In addition, Lundgren requests "reputational and general damages resulting from the consumer confusion and misrepresentations resulting from Defendants' passing off of Lundgren's home plans."  (Compl. ¶ 21.)  Defendants argue that damages for reputational harm and loss of goodwill are not recoverable in a copyright infringement action, and that the portion of the complaint seeking such damages should therefore be dismissed or stricken.

## ANALYSIS

### I.  STANDARD OF REVIEW

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to plaintiff, as the non-moving party.  *See, e.g.*, *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001).  A motion to dismiss a complaint should not be granted unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle plaintiff to relief.  *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A district court enjoys "liberal discretion" under this rule.  *Stanbury Law Firm, P.A. v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000).  However, striking a party's pleadings "is an extreme measure," and motions to strike under Rule 12(f) "are viewed with disfavor and infrequently granted."  *Id.*

### II.  DAMAGES UNDER THE COPYRIGHT ACT

Defendants argue that damages for reputational harm and loss of goodwill resulting from consumer confusion can be sought only with respect to a claim under the Lanham Act.  Because Lundgren has not asserted a Lanham Act claim, defendants contend that the complaint must be dismissed or stricken to the extent it seeks such damages.  Under the Copyright Act, a copyright owner may recover "actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that

are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b).  Section 504(b) does not distinguish between actual damages and damages stemming from reputational harm or loss of good will.  However, the text of § 504(b) suggests, and other courts have held, that a copyright owner may seek actual damages, including damages to reputation and goodwill, in a copyright infringement action.  *Pavlica v. Behr*, 2006 WL 1596763, at *8 (S.D.N.Y. June 12, 2006).  *See also Harold Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1547 (10th Cir. 1996); *Business Trends Analysts, Inc. v. Freedonia Grp., Inc.*, 887 F.2d 399, 404 (2d Cir. 1989).  Such damages are subject to the usual requirements of proof and cannot be speculative or duplicative.  *Freedonia*, 887 F.2d at 404; *Pavlica*, 2006 WL 1596763, at *8.

   Defendants argue that the Copyright Act and the Lanham Act prohibit different kinds of conduct and address different kinds of harms.  *See Waldman Publ'g Corp. v. Landoll, Inc.*, 43 F.3d 775, 781 (2d Cir. 1994).  While a copyright infringement action seeks to control who publishes, sells or otherwise uses a work, the Lanham Act ensures that an author's name is properly associated and credited with that work.  *Id.*  Even so, the Court is not persuaded that these differences preclude a copyright owner from seeking damages under § 504(b) for reputational harm and loss of goodwill, so long as the owner is able to prove that such damages result directly from the copyright infringement.  Absent a Lanham Act claim, however, Lundgren may not seek damages that result from consumer confusion, mistake, or deception under 15 U.S.C. § 1125(a) as to the origin of the "Remington" home design.  As such, if it appears during the course of discovery that

Lundgren seeks damages beyond the scope of its copyright infringement action, defendants may raise further objections in a motion in limine or during trial.

For these reasons, the Court denies defendants' motion to dismiss or, in the alternative, to strike Lundgren's claim for damages related to loss of goodwill or reputational harm.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendants' Motion to Dismiss Or, Alternatively, To Strike [Docket No. 3] is **DENIED**.

DATED:   October 16, 2007  
at Minneapolis, Minnesota.

                s/ John R. Tunheim\_  
                JOHN R. TUNHEIM  
                United States District Judge