UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

U.S. Home Corporation, d/b/a Lundgren Brothers Construction,

Plaintiff,

v.

R.A. Kot Homes, Inc., Meilan Daoheuang and Bea Daoheuang,

Defendants.

Civil No. 07-1274(JRT/FLN)

**REPORT AND RECOMMENDATION**

---

Keith S. Moheban, David D. Axtell for Plaintiff.
David A. Davenport for Defendant R.A. Kot Homes.
David K. Snyder for Defendants Meilan and Bea Daoheuang.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on March 11, 2003 on Defendant R.A. Kot Homes, Inc.'s Motion for Summary Judgment [#33]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendant's motion be denied.

## I. FINDINGS OF FACT

On June 4, 2006, Lundgren Brothers Construction, Inc. ("Lundgren") obtained copyright registrations for a residential home design named the Remington. (Axtell Decl. Ex. B.) The copyrights were specifically for the Remington technical drawings and for the architectural structure built from the drawings. (*Id.*) On June 4, 2005, Lundgren merged with U.S. Home Coporation ("U.S. Home") pursuant to Articles of Merger filed with the Minnesota Secretary of State on that day. (Axtell Decl. Ex. A.) Under the Articles, U.S. Home was the surviving entity from the merger.

(*Id*.) U.S. Home continued however to do business under Lundgren name after the merger. (Davenport Aff. Ex. A(St. Amant Dep.) 37:3-11.)

On April 4, 2005, Meilan and Bea Daoheuang entered into a purchase agreement with Lundgren to build a Remington home. (Axtell Decl. Ex. J.) The Daoheuangs cancelled this purchase agreement on April 23, 2005 "because of a survey issue." (Axtell Decl. Ex. J (Miller Dep.) 72:2.) The Daoheuangs entered into a second purchase agreement with Lundgren to build a Remington home on September 9, 2005. (Axtell Decl. Ex. K.) The Daoheuangs worked with Lundgren sales associate Cindy Miller both times that they signed a purchase agreement. (Axtell Decl. Ex. J (Miller Dep.) 53:8-13; 54:8-11.)

After the second purchase agreement was signed, the Daoheuangs worked with Cindy Miller on customizing their home. The relationship between Miller and the Daoheuangs became strained and, on one occasion, Ms. Miller swore at Ms. Daoheuang. (Davenport Aff. Ex. I (Miller Dep.) 94:11-95:2.) The Daoheuangs terminated the second purchase agreement shortly after this encounter. (*Id*. at 95:1-2.) In his deposition, Mr. Daoheuang gave a number of reasons for why he and his wife terminated the second purchase agreement; he said that Lundgren could not build the house they wanted, that Cindy Miller swore at his wife, that there was a drainage problem with the lot and that Miller told them to go to a custom builder. (Axtell Decl. Ex. H (Bea Daoheuang Dep.) 10:1-4.) With respect to the drainage issue, he also testified that: "If she can build me the house, I could have picked another lot." (*Id*. at 68:8-10.) When Mrs. Daoheuang was asked whether, after the second purchase agreement was terminated, she was still interested in having Lundgren build a house for her family, she testified that she did not remember "the exact thoughts at the time". (Axtell Decl. Ex. G (Meilan Daoheuang Dep.) at 176:1-5.)

R.A. Kot Homes, Inc. eventually built a home for the Daoheuangs. The Daoheuangs had no contact with R.A. Kot until after they cancelled the second purchase agreement with Lundgren. (Davenport Aff. Ex. B (Bea Daoheuang Dep.) at 59:10-13.)

## II. STANDARD OF REVIEW

According to Federal Rule of Civil Procedure Rule 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In order to determine whether a certain fact is material, " it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248 (1986). Summary judgment will not be granted "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "The inquiry performed is the threshold inquiry of determining whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id*. at 250.

When determining whether to grant a motion for summary judgment, a court must view all of the facts in the light most favorable to the non-moving party and give the non-moving party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). When the moving party brings forth a proper summary judgment motion, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R.

Civ.P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c).")

## III. LEGAL ANALYSIS

### A. U.S. Home Corporation Owns the Copyrights in Suit.

Defendant R.A. Kot claims that Plaintiff U.S. Home does not own the copyrights in suit because they are owned by Lundgren.

Minnesota Statute § 302A.641, subdivision 2(d), provides that when two companies merge, "[a]ll property, real, personal, and mixed, and all debts due on any account, including subscriptions to shares, and all other choses in action, and every other interest of or belonging to or due to each of the constituent organizations vests in the surviving organization without any further act or deed." Under 28 U.S.C. § 204(a), a copyright may be transferred by "operation of law." Courts have interpreted a transfer by "operation of law" to include mergers and any other transaction that "establish[es] the author's express or implied consent" to transfer the copyright. *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 963 (8th Cir. 2005) (quoting *Brooks v. Bates,* 781 F.Supp. 202, 205 (S.D.N.Y.1991)).

The two copyrights were issued to Lundgren Brothers on June 21, 2004. (Axtell Aff. Ex. B.) On June 4, 2005, the Minnesota Secretary of State issued a certificate of merger between Lundgren Brothers Construction, Inc. and U.S. Home Corporation. (Axtell Aff. Ex. A.) The certificate indicates that the surviving entity after the effective date of merger, June 4, 2005, was U.S. Home Corporation. (Axtell Decl. Ex A.) According to Minnesota Statute § 302A.641, subdivision 2(d), the copyrights in suit vested in U.S. Home Corporation on June 4, 2005, the

effective date of the merger, without any "further act or deed" on the part the surviving company. That is, U.S. Home was not required under the statute to have the copyright certificates re-issued under its name. By way of the merger, the copyrights were transferred to U.S. Home by operation of law.

**B. There is a genuine issue of material fact with respect to whether or not U.S. Home should recover lost profits.**

R.A. Kot contends that summary judgment should be granted with respect to Plaintiff's claim for lost profits. R.A. Kot claims that the Daoheuangs would not have contracted with Lundgren to build them a home even if they could not have built an allegedly infringing home with R.A. Kot.

17 U.S.C. § 504(b) provides that a copyright owner may recover "the actual damages suffered by him or her as a result of the infringement" in addition to "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Actual damages may include, among other things, lost profits. *Mary Ellen Enterprises v. Camex, Inc.*, 68 F.3d 1065, 1070 (8th Cir. 1995) (unholding a jury verdict awarding actual damages that included lost profits for copyright infringement).

In proving lost profits, "once a copyright holder establishes with reasonable probability the existence of a causal connection between the infringement and a loss of revenue, the burden properly shifts to the infringer to show that this damage would have occurred had there been no taking of copyrighted expression." *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 567-568 (1985).

Assuming but without deciding that the Plaintiff in this case has established with reasonable probability the existence of a causal connection between the infringement and a loss of revenue, the

Court concludes that there is a genuine issue of material fact as to whether U.S. Homes would have lost the sale but for R.A. Kot's alleged infringing use of the copyrights. R.A. Kot contends that the Daoheuangs would never have returned to Lundgren to build a house because the sales agent, Cindy Miller, swore at Ms. Daoheuang. After Miller swore at Ms. Daoheuang, the Daoheuangs promptly cancelled the purchase agreement and were refunded their deposit.

In response to this argument, the Plaintiff contends that these facts do not establish that the Daoheuangs would not have returned to Lundgren a third time to build a Remington home. The Daoheuangs had cancelled a purchase agreement with Lundgren in April 2005 (because of "a survey issue") and subsequently entered into another purchase agreement with them in September 2005. (Eyer Dep. at 72:2.) Both purchase agreements were for a Remington design home. The Defendants further contend that no party testified that the Daoheuangs and Lundgren refused to work with one another.

Defendant R.A. Kot essentially asks this Court to conclude as a matter of law that when a home buyer cancels a contract after failed, contentious negotiations, it will never contract with the seller again. A jury could find that the Daoheuangs loved the Remington home design and would have returned to Lundgren to build such a home had R.A. Kot not built an allegedly infringing design. On the other hand, a jury might conclude that, based on the Daoheuang's dealings with Lundgren and their belief that Lundgren could not build them the home they wanted, the Daoheuangs would not have returned to Lundgren. Given these circumstances, there is a genuine issue of material fact as to whether or not the Daoheuangs would have contracted with Lundgren to build a Remington home but for R.A. Kot's infringement.

## IV. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant R.A. Kot Homes, Inc.'s Motion for Summary Judgment [#33] be **DENIED**.

DATED: March 27, 2007

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 15, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **April 15, 2008** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.