UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. HOME CORPORATION, d/b/a<br>Lundgren Bros. Construction, Inc.,<br><br>                               Plaintiff,<br>v.<br><br>R.A. KOT HOMES INC.,<br>MILAN DAOHEUANG, and<br>BEA DAOHEUANG,<br><br>                               Defendants. | Civil No. 07-1274 (JRT/FLN)<br><br><br><br>**ORDER ADOPTING REPORT AND<br>RECOMMENDATION** |

Keith S. Moheban, David D. Axtell, and Erin C. Skold, **LEONARD STREET AND DEINARD, PA**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for plaintiff.

David A. Davenport and Brent A. Lorentz, **WINTHROP & WEINSTINE, PA**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402-4629, for defendant R.A. Kot Homes Inc.

David K. Snyder, **ECKBERG LAMMERS BRIGGS WOLFF & VIERLING, PLLP**, 1809 Northwestern Avenue, Suite 110, Stillwater, MN 55082; Craig W. Baumann, **CRAIG W. BAUMANN, PA**, 7616 Currell Boulevard, Suite 240, Woodbury, MN 55125, for defendants Milan Daoheuang and Bea Daoheuang.

U.S. Home Corporation filed this action against R.A. Kot Homes Inc. ("R.A. Kot"), Milan Daoheuang, and Bea Daoheuang, alleging copyright infringement. R.A. Kot filed a motion for summary judgment. In a Report and Recommendation dated March 27, 2008, United States Magistrate Judge Franklin L. Noel recommended that this Court deny R.A. Kot's motion. *See* 28 U.S.C. § 636(b)(1)(B). R.A. Kot now objects to that recommendation. After reviewing the Report and Recommendation *de novo*, *see* 28

U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b), the Court overrules R.A. Kot's objection and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND[1]

U.S. Home Corporation owns copyrights for a residential home design named the "Remington." The copyrights were specifically for the Remington technical drawings and for the architectural structure built from the drawings. On April 4, 2005, Milan and Bea Daoheuang entered into a purchase agreement with U.S. Home Corporation to build them a Remington. The Daoheuangs cancelled this agreement on April 23, 2005 "because of a survey issue." The Daoheuangs entered into a second purchase agreement with U.S. Home Corporation on September 9, 2005, again to build a Remington. The Daoheuangs worked with U.S. Home Corporation's sales associate Cindy Miller on both agreements.

After the second purchase agreement was signed, the Daoheuangs worked with Cindy Miller to customize their home. The relationship between Miller and the Daoheuangs became strained and, on one occasion, Miller cursed at Bea Daoheuang. The Daoheuangs terminated the second purchase agreement shortly after this encounter. In his deposition, Milan Daoheuang gave a number of reasons for why he and his wife terminated the second purchase agreement. He said that U.S. Home Corporation could not build the house they wanted, that Miller swore at his wife, that there was a drainage

---

[1] R.A. Kot indicates that it does not object to the facts set forth by the Magistrate Judge. Those facts are repeated below only to the extent necessary to rule on defendant's objection.

problem with the lot, and that Miller told them to go to a custom builder. With respect to the drainage issue, Milan Daoheuang added that: "If [Miller] can build me the house, I could have picked another lot." When Bea Daoheuang was asked whether, after the second purchase agreement was terminated, she was still interested in having U.S. Home Corporation build a house for her family, she testified that she did not remember "the exact thoughts at the time."

Eventually, defendant R.A. Kot built a home for the Daoheuangs. U.S. Home Corporation then filed this action alleging that the home built by R.A. Kot violates its Remington copyrights. U.S. Home Corporation alleges that R.A. Kot is one of its direct competitors, and that the home was built within three miles of where plaintiff had agreed to build for the Daoheuangs.

## ANALYSIS

### I. STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all

reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.     COPYRIGHT INFRINGEMENT

"To prevail on a copyright infringement claim, [plaintiff] must prove ownership of a valid copyright and copying of original elements of the work." *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 962-63 (8th Cir. 2005) (quotation omitted). A prevailing plaintiff "is entitled to recover the actual damages suffered by him or her as a result of the infringement[.]" 17 U.S.C. § 504(b). In a case involving infringement of a home design among competitors in the same housing market, the Sixth Circuit has approved the use of lost sales as a measure of actual damages, on the theory that any sale made by the defendant in those circumstances would have been a sale for the plaintiff. *Robert R. Jones Assocs., Inc. v. Nino Homes*, 858 F.2d 274, 280-81 (6th Cir. 1988). "[O]nce a copyright holder establishes with a reasonable probability the existence of a causal connection between the infringement and a loss of revenue, the burden properly shifts to the infringer to show that this damage would have occurred had there been no taking of copyrighted expression." *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 567 (1985).

R.A. Kot moves for summary argument on U.S. Home Corporation's claim for lost profits. R.A. Kot's sole argument is that there is insufficient evidence that the Daoheuangs would have returned to U.S. Home Corporation to purchase a Remington, in

light of the contentious manner in which they parted ways.[2] R.A. Kot argues that plaintiff is therefore unable to "establish[] with a reasonable probability the existence of a causal connection between the infringement and a loss of revenue." *Id*. U.S. Home Corporation responds that a jury could reasonably find that the Daoheuangs would have purchased a home from U.S. Home Corporation if not for their decision to infringe. This Court agrees. As plaintiff points out, the Daoheuangs and U.S. Home Corporation entered into two separate purchase agreements for a Remington. The Daoheuangs then allegedly hired R.A. Kot to build such a home, just miles from where they had planned to build with U.S. Home Corporation. In those circumstances, a jury could reasonably conclude that the Daoheuangs had great affection for both the copyrighted design and the area where they eventually built, and would have returned to negotiations with U.S. Home Corporation if that was the only way to acquire a Remington. Accordingly, the Court overrules R.A. Kot's objection, and adopts the Report and Recommendation of the Magistrate Judge. R.A. Kot's motion for summary judgment on plaintiff's lost profits claim is denied.

This case will be placed on the Court's next available trial calendar.

---

[2] In R.A. Kot's initial motion, it also argued that it was entitled to summary judgment because plaintiff did not own the Remington copyrights. The Magistrate Judge disagreed, concluding that plaintiff does own these copyrights. Defendant has not objected to that determination. Accordingly, the Court adopts that conclusion of the Magistrate Judge without further discussion.

## ORDER

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendant R.A. Kot Homes Inc.'s Objection to the Report and Recommendation of the Magistrate Judge [Docket No. 53] is **OVERRULED**. The Magistrate Judge's Report and Recommendation dated March 27, 2008 [Docket No. 50] is **ADOPTED**. Accordingly, defendant R.A. Kot Homes Inc.'s Motion for Summary Judgment [Docket No. 33] is **DENIED**.

DATED:   May 23, 2008                              s/ John R. Tunheim
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                   United States District Judge